Entered on Docket
July 13, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 12, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>BRUCE ALLAN BLANKENHORN,<br>        Debtor. | Bankruptcy Case No. 11-31835<br>Chapter 7 |

### MEMORANDUM RE DEBTOR'S MOTION FOR RECONSIDERATION

Upon due consideration, and for reasons stated below, the court denies Debtor's Motion for Reconsideration of the court's June 19, 2011 Order Granting Motion for Relief From Automatic Stay. This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

On May 11, 2011, Debtor filed the above-captioned, no-asset chapter 7 bankruptcy case. On May 17, 2011, Daniel J. Rosenbledt, Trustee of the Rosenbledt PTE Trust Dated March 15, 2000 (Movant), filed and served a motion for relief from stay (the Motion). The Motion sought complete relief from the automatic stay to initiate and complete eviction proceedings against Debtor and other occupants of the real property commonly known as 990 Avenue Alhambra, El Granada, San Mateo County, California 94018 (the

MEMORANDUM RE MOTION FOR
RECONSIDERATION -1-

Property). The Motion also sought a waiver of the stay created by Fed. R. Bankr. Proc. 4001(a)(3). The request for judicial notice in support of the Motion attached a true and correct copy of: (1) a trustee's deed upon sale re Property, listing Movant as the grantee and recorded on February 23, 2011; and (2) an unlawful detainer judgment entered by the San Mateo County Superior Court on April 27, 2011, which authorizes Movant to recover possession of the Property from Debtor.

On May 25, 2011, Debtor filed opposition to the Motion, questioning the legality of the foreclosure process. Debtor also appeared at the hearing on the Motion, held May 31, 2011, and argued that the Motion should be denied to irregularities in the foreclosure process. Debtor did not object to the motion to waive the provisions of Fed. R. Bankr. Proc. 4001(a)(3).

At the hearing on the Motion held May 31, 2011, the court overruled Debtor's objections and directed Movant to lodge an order: (1) granting relief from stay, *nunc pro tunc* to May 31, 2011, to complete efforts to obtain possession of the Property, provided that no physical eviction occurred prior to June 13, 2011; (2) waiving the provisions of Fed. R. Bankr. Proc. 4001(a)(3); and (3) granting *in rem* relief pursuant to 11 U.S.C. § 362(d)(4). On June 20, 2011, the court entered an order consistent with its oral ruling at the May 31st hearing.

On June 24, 2011, Debtor filed a motion for reconsideration, arguing that the Motion failed to disclose Debtor's substantial equity in the Property at the time of the foreclosure sale, and

**MEMORANDUM RE MOTION FOR RECONSIDERATION** -2-

that there was no basis to waive the stay created by Fed. R. Bankr. Proc. 4001(a)(3) or to grant *in rem* relief.

LAW

Reconsideration and amendment of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. . . [and] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

The motion for reconsideration must be denied, because, as to Movant's efforts to obtain possession the Property, continuation of the automatic stay does not further either of the two legitimate bankruptcy purposes of the automatic stay in a chapter 7 case: to protect the assets of the estate from dissipation; and to protect the Debtor, prior to entry of a discharge, from creditor action to enforce pre-petition claims for *in personam* liability. It was not appropriate to continue the stay to protect the assets of the estate, because (1) the Property was foreclosed upon by Movant prepetition; (2) an unlawful detainer judgment granted Movant the right to possession of the Property;[1] and (3) the trustee, who is the legal representative of the bankruptcy estate, did not assert any interest in the Property or oppose the motion

---

[1] This court lacks the power to review the state court's judgment. E.g. Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) ("Federal courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").

**MEMORANDUM RE MOTION FOR RECONSIDERATION** -3-

for relief from stay.  Continuation of the stay is not necessary to
protect Debtor against *in personam* liability, because the Order
only permits Movant to obtain possession of the Property, and does
not permit the enforcement of any *in personam* claim against Debtor.
Accordingly, the court properly granted the Motion.

The court's termination of the 14-day stay[2/] was an exercise of discretion that the court does not see fit to alter at this time. The court also notes that the Order did bar Movant from evicting Debtor from the Property for fourteen days after the date the hearing.

The court's award of *in rem* relief was proper because, *as to the interests of the Debtor and the estate* in the Property, and for the reasons stated above, there is no bankruptcy purpose to permitting the automatic stay to apply to Movant's efforts to recover possession of the Property.

**\*\*END OF MEMORANDUM\*\***

---

[2/] Fed. R. Bankr. Proc. 4001(a)(3).

**MEMORANDUM RE MOTION FOR RECONSIDERATION**        -4-

Case: 11-31835   Doc# 37   Filed: 07/12/11   Entered: 07/13/11 11:15:57   Page 4 of 5

COURT SERVICE LIST

Bruce Allan Blankenhorn
990 Avenue Alhambra
Half Moon Bay, CA 94019